THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER EATON,

     Plaintiff,

      vs.                           Case No:  2:24-cv-227

UNITED AIRLINES, INC. and THE
BOEING COMPANY,

     Defendants.
_____ /

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT Defendant United Airlines, Inc. ("United") hereby removes the above-captioned lawsuit from the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida, to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, United states as follows:

## I.    <u>Basis for Removal.</u>

1.    This putative class action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because United has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

2.     CAFA jurisdiction exists because the action (1) includes alleged class members whose citizenship is diverse from that of United, (2) has at least 100 putative class members, and (3) places in controversy an aggregate amount in excess of $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).

## II.    <u>Procedural History and Plaintiff's Putative Class Claims.</u>

3.     Alexander Eaton ("Plaintiff") filed his Class Action Complaint and Demand for Jury Trial (the "Complaint" or "Compl.") against United and the Boeing Company ("Boeing") in the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida, Case No. 24-CA-001198, on February 9, 2024. United was served with the Complaint on February 21, 2024, through its registered agent. *See* Complete State Court Record including Complaint and service papers, attached as <u>Exhibit 1</u>.

4.     In the Complaint, Plaintiff claims that United was negligent in failing to notify Plaintiff and alleged members of a putative class that their United flights were cancelled following the grounding of the Boeing 737-9 Max aircraft in January of 2024. *See generally* Ex. 1 at 4-9 (Compl.).

5.     For his individual claim, Plaintiff alleges he was scheduled to fly on a United flight from Florida to Idaho on January 18, 2024, returning on January 23, 2024. *Id.* ¶ 5-6. He alleges the equipment to be used for his scheduled flight to Idaho was a Boeing 737-9 Max aircraft. *Id.* ¶ 7. He alleges that the aircraft to be used for

his flight was grounded, that United knew of the grounding, and that United should have, but failed to, notify him that his flight was cancelled. *Id.* ¶¶ 17-20.

6.    Plaintiff's proposed class is defined as follows:

All persons whose United Airlines 737-9 Max flights that were cancelled after January 5, 2024 to present, that were grounded by the FAA, and received no notification that their flights were cancelled.

*Id.* ¶ 8.

7.    United has not yet filed a response to the Complaint, and through this Notice, United does not concede that Plaintiff has stated a viable claim for relief or that United is liable to Plaintiff or any putative class member in any respect.

8.    Boeing consents to removal. *See* <u>Exhibit 2</u>.

## III.    <u>The Procedural Requirements for Removal are Satisfied and Venue is Proper.</u>

9.    United has complied with all procedural requirements for removal.

10.    This Notice of Removal has been filed within 30 days of service of the Complaint on United, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).

11.    Venue is proper in this Court because the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida is located in the Fort Myers Division of the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

12.     As required under 28 U.S.C. § 1446(a), United has attached copies of all process, pleadings, and orders served upon United with respect to this action. *See* Ex. 1; *see also* Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida docket sheet, attached as <u>Exhibit 3</u>.

13.     As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida.

## IV.    <u>This Court Has Subject Matter Jurisdiction Under CAFA.</u>

14.     Under CAFA, this Court has diversity jurisdiction over any asserted class action[1] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) has at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6).

15.     United denies that any class could properly be certified in this matter. However, based on the information discussed below and the allegations in Plaintiff's pleading, all requirements for jurisdiction under CAFA are met in this case.

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).  Plaintiff asserted his class allegations pursuant to Florida's similar class action rule.  *See* Ex. 1 at 5-6 (Compl.) ¶¶ 8-15 (citing Rule 1.220 of the Florida Rules of Civil Procedure).

**A.    There is Minimal Diversity.**

16.    CAFA's minimal diversity requirement is satisfied because Plaintiff and United are citizens of different states.

17.    On information and belief, Plaintiff is a citizen of Florida. The Complaint explicitly alleges "[t]hat at all times material hereto the Plaintiff was a resident of Lee County, Florida." Ex. 1, at 4, ¶ 2. Although residence does not equate to citizenship, the place of residence is *prima facie* evidence of the party's domicile. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)[2]; *see also Katz v. J.C. Penny Corp., Inc.*, 2009 WL 1532129, at *1-3 (S.D. Fla. June 1, 2009) (denying motion to remand where defendant's notice of removal alleged plaintiff's state of residence but not state of citizenship).

18.    United is not a citizen of Florida. Although the Complaint alleges that United is a "Florida Profit Corporation," *see* Ex. 1, at 4, ¶ 3, that allegation is incorrect. United is a Delaware corporation with its principal place of business in Illinois. United is therefore a citizen of the states of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

where it has its principal place of business…"); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017).

19.    For purposes of this Notice of Removal, United's plausible allegation of its true citizenship is sufficient to establish diversity. *See Katz*, 2009 WL 1532129, at *2 (denying motion to remand where "Defendant has adequately pled the citizenship of a well-known corporation and Plaintiffs fail to deny or give any reason to raise any doubt regarding the accuracy of Defendant's allegations") (collecting cases); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (addressing allegations of amount in controversy). If challenged, United may submit additional evidence supporting jurisdiction in response to a motion to remand. *Dart Cherokee*, 574 U.S. at 89.

**B.    The Asserted Class Would Include More Than 100 Members.**

20.    Plaintiff affirmatively asserts in the Complaint that the putative "class will be comprised of more than one hundred absent class members." Ex. 1, at 5, ¶ 10. A plaintiff's good faith allegations regarding facts supporting jurisdiction are accepted. *Dart Cherokee*, 574 U.S. at 89.

21.    The class size requirement further is established under the allegations set forth at ¶¶ 26-27, *infra*.

**C.      The Asserted Class Claims Place More Than $5,000,000 In Controversy.**

22.      The Supreme Court has held that, under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Submission of evidence is not required at removal.  *Id.*; *accord Gates v. 84 Lumber Co.*, Civ. A. No. 15-0076-WS-N, 2015 WL 2345427, at *1 n.1 (S.D. Ala. May 14, 2015) (Steele, C.J.) (noting that *Dart Cherokee* "on its face nullifies" any objection to the timeliness of evidence introduced by defendant in response to motion to remand). When a defendant invokes CAFA as the basis for jurisdiction, the Court should not apply any presumption in favor of remand, as Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

23.      In assessing whether the jurisdictional threshold is met, a district court is not bound by the plaintiff's representations, and "[i]ndeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Accordingly, a court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" to determine the amount in controversy. *Id.* at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir.2010)). And in all cases, a court should apply its "judicial

experience and common sense" in determining the amount in controversy. *Id.* at 1062.

24.     In this case, and based largely on Plaintiff's allegations, all reasonable inferences make clear that the amount in controversy easily exceeds $5,000,000.

25.     Specifically, Plaintiff alleges the amount in controversy exceeds $50,000 and that the putative class consists of more than 100 individuals. Ex. 1, at 4, 5, ¶¶ 1, 10. Assuming the truth of those allegations, the amount in controversy can be calculated as $500 per class member ($50,000/100).

26.     Importantly, however, the Boeing 737-9 Max aircraft has a capacity of 220 passengers. Therefore, accepting Plaintiff's $500 per class member damages figure, the actual amount in controversy can be estimated at $110,000 per flight cancellation ($500 x 220 passengers). At that figure, only 46 flight cancellations would be required to meet the jurisdictional threshold ($110,000 x 46 = $5,060,000).

27.     United's data indicates that more than 46 flights were cancelled due to the grounding of the Boeing 737-9 Max aircraft. In fact, the grounding of these aircraft resulted in over 5,000 flight cancellations during the putative class period. This puts the amount in controversy well above the CAFA threshold.

28.     As noted above, United denies that Plaintiff has stated a claim to relief and denies that Plaintiff or any putative class member is entitled to damages in connection with the alleged failure to notify passengers concerning flight

cancellations. Nonetheless, the analysis set forth above makes clear that Plaintiff's claims, as alleged, place at least $5,000,000 in controversy.

29.    For all the foregoing reasons, United has demonstrated that all prerequisites for CAFA jurisdiction have been met.

30.    United reserves the right to supplement these papers.

**WHEREFORE**, Defendant United Airlines hereby removes this action from the Circuit Court of the 20th Judicial Circuit in and for Lee County, Florida to this Court.

Dated:  March 11, 2024                    Respectfully submitted,

                                          /s/*Elizabeth Dehaan*
                                          Elizabeth Dehaan, Esquire
                                          Florida Bar No: 105846
                                          BANKER LOPEZ GASSLER P.A.
                                          4415 Metro Parkway, Suite 208
                                          Fort Myers, Florida 33916
                                          Tel No: (239) 322-1300
                                          Fax No: (239) 322-1310
                                          Email: service-
                                          edehaan@bankerlopez.com

                                          Sondra A. Hemeryck (*pro hac vice*
                                          forthcoming)
                                          Eli J. Litoff (*pro hac vice* forthcoming)
                                          RILEY SAFER HOLMES & CANCILA LLP
                                          70 W. Madison Street, Suite 2900
                                          Chicago, Illinois 60602
                                          (312) 471-8700
                                          shemeryck@rshc-law.com
                                          elitoff@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been furnished via E-Mail to Bill B. Berke, Esq., billbberke@gmail.com, BERKE LAW FIRM, P.A., P.O. Box 101530, Cape Coral, FL 33910 Attorney for Plaintiff.

*/s/ Elizabeth Dehaan*
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com

Sondra A. Hemeryck (*pro hac vice* forthcoming)
Eli J. Litoff (*pro hac vice* forthcoming)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
shemeryck@rshc-law.com
elitoff@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*