IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY FLORIDA
CIVIL ACTION

ALEXANDER EATON

        Plaintiff(s),

vs.                                                                                  **CASE NO:**

UNITED AIRLINES, INC. and                                    **CLASS ACTION**
THE BOEING COMPANY

        Defendant(s).
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALEXANDER EATON, (hereinafter "Plaintiff"), and brings this class action complaint on behalf of himself and others similarly situated, by and through the undersigned counsel and sues the Defendant(s), UNITED AIRLINES, INC. and THE BOEING COMPANY, and would state as follows:

1. This is an action for damages that exceeds $50,000.00.

2. That at all times material hereto the Plaintiff was a resident of Lee County, Florida.

3. At all times material hereto, Defendant, UNITED AIRLINES, INC. was a Florida Profit Corporation licensed to do business in Florida.

4. At all times material hereto, Defendant, THE BOEING COMPANY was a Florida Profit Corporation licensed to do business in Florida.

5. On or about, May 3, 2023, Plaintiff, ALEXANDER EATON purchased airline tickets from Defendant, UNITED AIRLINES, INC. Ticket Confirmation UA 0167966652303.

6. Plaintiff, ALEXANDER EATON had planned to take his vacation from Florida to Idaho from January 18, 2024 through January 23, 2024.

7. The aircraft equipment that was used for Plaintiff's flights was a Boeing 737-9 Max.

## CLASS REPRESENTATION ALLEGATIONS

8. Pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, the named Plaintiff seeks certification and is a member of the following putative class he seeks to represent:

> All persons whose United Airlines 737-9 Max flights that were cancelled after January 5, 2024 to present, that were grounded by the FAA, and received no notification that their flights were cancelled.

9. This action is properly maintainable as a class action pursuant to Florida Rules of Civil Procedure 1.220(a) and 1.220(b)(3).

10. Numerosity: This action satisfies numerosity. The class is sufficiently numerous that separate joinder of each member is impracticable as the class will be comprised of more than one hundred absent class members.

11. Commonality: The named Plaintiff's claims raise questions of law and fact common to each member of the class, which include, but are not limited to:

    a. The Boeing Company and United Airlines, Inc. knew about the safety problems that the Boeing 737-9 Max was having, and didn't notify passengers that their flights on Boeing 737-9 Max were cancelled.

12. Typicality: The claims of the named Plaintiffs is typical of the claims of the class members because the representative Plaintiff, like all members of the class, had their flights grounded by the FAA, but were not notified by Defendant, United Airlines that the flights were cancelled.

13. Adequacy: The named Plaintiff will vigorously pursue the claims alleged herein on behalf of himself and others similarly situated. The named Plaintiff's claims have no adverse interests to the proposed absent class members because they assert the same claims and seek the same relief as would the absent class members if each were to bring a similar action individually. The named Plaintiff will adequately protect and represent the interests of each absent class member. Counsel who brings this action for the named Plaintiff and proposed class are experienced in class action practice and procedure pursuant to Rule 1.220, F.R.C.P.

14. Predominance: Pursuant to Rule 1.220(b)(3), class certification is appropriate. The predominance questions of law or fact are clear, precise, well-defined, and applicable to each named Plaintiff as well as every absent member of the proposed class.

15. Superiority: Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not limited to, the following: (1) the case challenges the policy of a large corporation; (2) individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members do not have the resources to bring their claims individually; and (4) it would be an inefficient use of scarce judicial resources to require each person affected by the practices challenged herein to bring his or her own individual claim.

## COUNT I
## NEGLIGENCE OF DEFENDANT, UNITED AIRLINES, INC.

16. The Plaintiff, ALEXANDER EATON, realleges, reiterates and adopts all of the foregoing paragraphs 1 through 7 and further alleges:

17. Plaintiff, ALEXANDER EATON had a reservation on United Airlines for January 18, 2024.

18. Defendant, UNITED AIRLINES, INC. never contacted Plaintiff to let him know that his flight was cancelled.

19. Defendant, UNITED AIRLINES knew that the type of aircraft Plaintiff was supposed to fly on a Boeing 737-9 Max was grounded.

20. Defendant, UNITED AIRLINES should have contacted Plaintiff to let him know that his flight was cancelled, but never did.

WHEREFORE, the Plaintiff, ALEXANDER EATON, files this Complaint and sues the Defendant, UNITED AIRLINES, INC. for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury.

## COUNT II
## NEGLIGENCE OF DEFENDANT, THE BOEING COMPANY

21. The Plaintiff, ALEXANDER EATON, realleges, reiterates and adopts all of the foregoing paragraphs 1 through 7 and further alleges:

22. On January 9, 2024, Defendant, THE BOEING COMPANY stated they are "acknowledging our mistake" after the door plug of a 737-9 Max blew out during a January 5, 2024 Alaska Airlines flight.

23. The National Transportation Safety Board's investigation report revealed that four bolts were missing from the door plug, suggesting that the plane flew without the bolts for nearly three months before the January 5th incident.

24. Defendant, THE BOEING COMPANY failed to install the four bolts before the plane was delivered to Alaska Airlines.

## JURY DEMAND

25. Plaintiff requests a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

1. Certify this case as a class action pursuant to Fla. R. Civ. P. 1.220(b)(3);

2. Designate Plaintiff as representatives of the class and Plaintiff's counsel as class counsel;

3. An award to the Plaintiff and class of liquidated damages;

4. An award to the Plaintiff and class of reasonable attorneys' fees and costs; and

5. An award of such other and further relief as this Court may deem appropriate.

Respectfully submitted this 9th day of February 2024,

> BERKE LAW FIRM, P.A.
> Attorney for Plaintiff(s)
> PO Box 101530
> Cape Coral, FL 33910

(239) 549-6689
billbberke@gmail.com

By: _____
Bill B. Berke
Florida Bar No: 558011